UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CAROLE NICHOLSON,

    Plaintiff,

v.                                    CASE NO. 3:24-cv-603-MCR-HTC

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

Defendant United States of America, on behalf of the Internal Revenue Service ("IRS"), has moved to dismiss Plaintiff Carole Nicholson's Complaint, ECF No. 1, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 11. Nicholson opposes the motion. ECF No. 12. After full consideration of the parties' arguments, the Court will grant the motion and dismiss the Complaint because Nicholson did not duly file the requisite refund claims with the IRS prior to filing suit.

**I.    Background**

Nicholson claims that the IRS overstated her taxable income in 2014, 2015, and 2016, and filed this lawsuit to get her money back. Specifically, she alleges that the IRS misattributed independently accrued gun trust revenue to the taxable income of her late husband's law firm, Nicholson Law Firm, LLC, between the years 2014

and 2016. The confusion, according to Nicholson began in 2014, when one of the law firm's associates started creating "gun trusts" for clients and was allegedly the exclusive beneficiary of any accumulated funds.[1]  ECF No. 1 at ¶¶ 6–8.  But when the associate departed the firm in 2015, he failed to "change the Employer Identification Number . . . associated with the account." *Id.* at ¶ 7.  This allegedly resulted in a sizeable increase in her late husband's taxable income for 2014, 2015, and 2016.  *Id.*  Nicholson, who had filed tax returns jointly with her late husband for those years, argues that the IRS incorrectly found that the firm—rather than the associate—enjoyed some portion of the "gun trust" revenue.  *Id.* at ¶ 8.  Nicholson contends that she filed "a claim for refund" with the IRS for the tax years at issue, but she "has not received a response."  *Id.* at ¶¶ 5, 9.

On November 26, 2024, Nicholson filed the present action, alleging she is entitled to "be refunded the taxes paid for tax years 2014, 2015, and 2016," and attaching the putative refund claims she previously filed with the IRS. *Id.* at 4.  The documentation attached to Nicholson's Complaint reflects that, on January 30, 2024, she filed two Form 843s with the IRS for the 2015 and 2016 tax years, respectively.

---

[1] Nicholson alleges that the associate's law firm was "sole recipient" of the income earned by the trusts.  ECF No. 1 at ¶ 8.  To that effect, Nicholson attached a letter to her Complaint from the associate stating that his firm was the only beneficiary of the deposited payments.  ECF No. 1-1 at 2.

Case No. 3:24-cv-603-MCR-HTC

ECF No. 1-2 at 3–9.[2]  The United States filed the instant motion to dismiss based on Nicholson's failure to duly file with the IRS, pursuant to the applicable regulations.  ECF No. 11 at 4.  The United States principally argues that Nicholson's claims must be dismissed for lack of subject matter jurisdiction because she has yet to submit, and the IRS has yet to receive, the proper Form 1040X applicable to her individual taxpayer refund claims for 2015 and 2016—and Nicholson never filed a tax refund claim for 2014 at all.  *Id.* at 8–12.

## II. Legal Standard

A Rule 12(b)(1) motion to dismiss can attack a plaintiff's complaint either facially or factually.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990).  To withstand a facial attack, a complaint must "sufficiently allege a basis of subject matter jurisdiction."  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).[3]  Shielded by the Court's obligation to accept its allegations as true, "[a complaint] is afforded safeguards similar to those provided in opposing a Rule

---

[2] "Exhibits to the complaint are considered a part of the complaint for all purposes . . . and may therefore be considered in deciding a motion to dismiss."  *Lawrence v. United States*, 597 F. App'x 599, 603 (11th Cir. 2015).  Moreover, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."  *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).  Therefore, the documentation Nicholson filed with the IRS, attached as Exhibit B to the Complaint, may be considered part of the pleadings, and, to the extent that those documents contradict Nicholson's Complaint, the exhibit governs.

[3] The *Menchaca* case is binding on courts within the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) ("[T]he decisions of the United States Court of Appeals for the Fifth Circuit . . . as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit.").

12(b)(6) motion" when the asserted lack of jurisdiction is based "on the face of the complaint." *Lawrence*, 919 F.2d at 1529; *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[4]

By contrast, the factual attack requires of the plaintiff a far more fortified resistance. *Menchaca*, 613 F.2d at 511. The factual attack imperils every stage of the litigation, lying in wait to "challenge[] the existence of subject matter jurisdiction *in fact*, irrespective of the pleadings," and to impose on the plaintiff "the burden of proof that jurisdiction does in fact exist." *Id.* (emphasis added). Implicating "matter[s] outside the complaint" and affording "no presumptive truthfulness" to the complaint's allegations, the factual attack charges the district court with exercising "substantial authority . . . to weigh the evidence and satisfy itself as to the existence of its power to hear [a] case." *Williamson*, 645 F.2d at 412–13 (quoting *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Dismissal of an action may therefore be predicated on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413. However, a motion to dismiss pursuant to Rule 12(b)(1) that is "functionally an indirect attack on the merits of the plaintiff's claim

---

[4] The *Williamson* case is binding on courts within the Eleventh Circuit as well. *Bonner*, 661 F.2d at 1207.

. . . 'demand[s] less in the way of jurisdictional proof than would be appropriate at a trial stage,'" and courts will "adopt a summary judgment standard in evaluating Rule 12(b)(1) motions that also implicate the merits of a claim." *Lawrence*, 919 F.2d at 1530 (quoting *Mortensen*, 549 F.2d at 892). Here, the United States has mounted a facial attack against Nicholson's claims concerning the 2014, 2015, and 2016 tax years.

## III. Discussion

"Subject matter jurisdiction defines the court's authority to hear a given type of case." *United States v. Morton*, 467 U.S. 822, 828 (1984). Congress has authorized federal district courts to exercise subject matter jurisdiction over only certain categories of conflicts, namely federal questions and cases of diversity.[5] Because "[f]ederal courts are courts of limited jurisdiction," the upshot of any investigation into the existence of subject matter jurisdiction relies heavily on the ever-important question: "Has the Legislature empowered the court to hear cases of [this] genre?" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006).

---

[5] Federal question jurisdiction is codified in 28 U.S.C. § 1331, which provides that "federal district courts [may] exercise original jurisdiction in 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (quoting 28 U.S.C. § 1331). Diversity jurisdiction, derived from 28 U.S.C. § 1332, necessitates an action concerning "'citizens of different [s]tates where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)).

Here, the answer is no. While 28 U.S.C. § 1346(a)(1) authorizes taxpayers to sue the IRS for a refund, "[c]ourts have consistently held that a taxpayer's filing of an administrative refund claim with the IRS in accordance with the relevant provisions of the Internal Revenue Code is a jurisdictional prerequisite to the maintenance of a tax refund suit." *Mutual Assur., Inc. v. United States*, 56 F.3d 1353, 1356 (11th Cir. 1995).[6] Congressional intolerance for needless tax litigation generated a "detailed refund scheme" with various conditions precedent to filing suit through which the taxpayer must sift. *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 11–12 (2008). A portion of this refund scheme can be found in the text of 26 U.S.C. § 7422(a). Intended to respect the IRS's time and resources and to inspire taxpayer diligence, § 7422(a) ensures that the authority over tax refund claims in the first instance remains with its rightful custodian, the IRS, not the federal courts. *Stoller v. United States*, 444 F.2d 1391, 1393 (5th Cir. 1971);[7] *Radioshack Corp. v. United States*, 82 Fed. Cl. 155, 159 (2008) ("[T]ax refund suits impede the effective administration of the revenue laws."). Section 7422(a) requires the taxpayer to duly file with the IRS "to prevent surprise, and to give the IRS adequate

---

[6] Federal district courts have original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1).

[7] The *Stoller* case is binding on courts within the Eleventh Circuit. *See Bonner*, 661 F.2d at 1207.

Case No. 3:24-cv-603-MCR-HTC

notice of the claim and its underlying facts so that it can make an administrative investigation and determination regarding the claim." *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985).

To duly file a refund claim, the taxpayer is required to submit its claim to the IRS "either within three years from the time the tax return was filed or two years from the time the tax was paid." *Lawrence v. United States*, 597 F. App'x 599, 603 (11th Cir. 2015). The filings must be sufficient to put the IRS on notice of the basis for the taxpayer's claim and must be individualized to a particular tax year. *Id.* ("[T]he administrative refund claim must set forth 'in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.'" (quoting 26 C.F.R. § 301.6402–2(b)(1))); *see also id.* ("[A] separate claim must be made 'for each taxable year or period.'" (quoting 26 C.F.R § 301.6402–2(d))). And governing IRS regulations require that claims be filed "on the form so prescribed." 26 C.F.R. § 301.6402-2(c); *see also Enax v. C.I.R.*, 476 F. App'x 857, 859–60 (11th Cir. 2012) (holding that refund claims must "use the appropriate tax refund form"); *Palermo as trustee of Peter R. Palermo Qualified Pers. Residence Tr. v. United States*, No. 23-CV-20513, 2023 WL 5015483, at *3 (S.D. Fla. Aug. 7, 2023) ("The IRS is authorized to demand information in a particular form and insist that the form be observed."). As here,

Case No. 3:24-cv-603-MCR-HTC

where overpayment of income tax for an individual is at issue, the refund claim must have been filed with the IRS using Form 1040X. *See* 26 C.F.R. § 301.6402-3(a)(2).

However, the jurisdictional prerequisite to duly file can be satisfied where a taxpayer amends a timely filed, albeit incorrect, initial refund claim. *Mutual Assurance*, 56 F.3d at 1353. The informal claim doctrine, not codified in any IRS regulation or code, is judicially created. *BCS Fin. Corp. v. United States*, 118 F.3d 522, 524 (7th Cir. 1997). Promulgated as the taxpayer's respite from the "notably unforgiving standards" of the tax scheme, the informal claim doctrine functions as a source of lenity, forgiving the taxpayer's "harmless noncompliance with formalities" and rejecting the "absurd rigorism" that would ordinarily permit a "technical defect" to permanently bar a refund claim. *Id.*; *see also Lawrence*, 597 F. App'x at 603 ("Informal claims may be sufficient where they 'fairly advis[e] the Commissioner of the nature of the taxpayer's claims,' and 'where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period.'" (quoting *United States v. Kales,* 314 U.S. 186, 194 (1941))). Nonetheless, any refund claim marred with "formal defects" and a "lack of specificity" must be "remedied by amendment" to satisfy the requirements of the informal claim doctrine. *Kales*, 314 U.S. at 194.

### A. 2014 Refund Claim

Nicholson's 2014 claim asserts that she filed a refund request with the IRS to which she received no response. ECF No. 1 at ¶ 9. However, the documentation attached to Nicholson's Complaint reflects the contrary. ECF No. 1-2 at 3–9 (showing refund claims for the 2015 and 2016 tax years, but none for the 2014 tax year). "[U]ntil a claim for refund or credit has been duly filed with the [IRS]," no tax refund suit "shall be maintained in any court." 26 U.S.C. § 7422(a). This is dispositive of Nicholson's 2014 claim. *Clintwood*, 553 U.S. at 4 ("[A] taxpayer must file an administrative claim with the [IRS] before filing suit against the Government."). As no refund claim with the IRS exists for the 2014 tax year, the Court has no subject matter jurisdiction and dismisses Nicholson's complaint with respect to her 2014 claim. *Swanson v. United States*, 799 F. App'x 668, 670–71 (11th Cir. 2020) (holding that courts cannot exercise subject matter jurisdiction where the taxpayer has "filed no 'claim for refund'" (quoting 26 U.S.C. § 7422(a))).

### B. 2015 and 2016 Refund Claims

Turning to Nicholson's remaining refund claims for 2015 and 2016, the Court finds that neither is a sufficient predicate for subject matter jurisdiction. As noted, where an individual's overpayment of income tax is concerned, "a claim for refund shall be made on Form 1040X." 26 C.F.R. § 301.6402-3(a)(2). The taxpayer's failure to "file a verified administrative claim using the *proper* tax refund form"

precludes a district court from exercising subject matter jurisdiction. *Enax*, 476 F. App'x at 859–60 (emphasis added). Said differently, the taxpayer fails to exhaust the requisite administrative claim where the incorrect form is submitted. *Palermo*, 2023 WL 5015483 at *4–*5. Nicholson's submission of Form 843 does not fulfill the statutory, 26 U.S.C. § 7422(a), or regulatory, 26 C.F.R. § 301.6402-3(a)(2), requirements—and, tellingly, Nicholson has conceded that no Form 1040X has been filed with the IRS. ECF No. 12 at 3.

Nor has Nicholson remedied any purportedly informal refund claim. The jurisdictional prerequisite to duly file may be satisfied where a timely[8] informal claim filed in the first instance is amended or perfected by relation back to the date of the informal filing. *Mutual Assurance*, 56 F.3d at 1356–57. But a taxpayer has not duly filed a refund claim where the taxpayer never remedied the "formal defects" of an informal claim. *Lawrence*, 597 F. App'x at 603. Again, Nicholson has

---

[8] The Court observes that Nicholson's 2015 and 2016 refund claims appear untimely as well. Insufficient in and of themselves to satisfy § 7422(a) and the informal claim doctrine, Nicholson's 2015 and 2016 claims, allegedly filed on November 30, 2023, are dated January 30, 2024. ECF No. 1 at ¶ 9; ECF No. 1-2 at 6–7. 26 U.S.C. § 6511(a) requires that refund claims be filed either "within [three] years from the time the return was filed or [two] years from the time the tax was paid." *Wachovia Bank, N.A. v. United States*, 455 F.3d 1261, 1268 (11th Cir. 2006). Whether filed in November 2023 or in January 2024, Nicholson's refund requests exceed both statutory limitations. Moreover, "an informal claim must be filed within two years of a tax overpayment in the absence of a formal tax return." *McDow v. United States*, 176 Fed. Cl. 48, 53 (2025). Nicholson's Form 843 was filed at least seven years after 2016, therefore appearing untimely in the first instance. *Wattleton v. United States*, No. 1:20-CV-3450-TWT, 2021 WL 614929, at *3 (N.D. Ga. Feb. 16, 2021) ("[A] condition precedent of the informal claim doctrine is the *timely* filing of a claim with the IRS containing defects that can be cured with untimely amendments.") (emphasis added).

Case No. 3:24-cv-603-MCR-HTC

conceded that she has not filed the proper Form 1040X with the IRS, thereby failing to perfect her claim.  ECF No. 12 at 3.  As such, the Court cannot accept Nicholson's Form 843 submissions as valid informal claims sufficient to establish subject matter jurisdiction.

Accordingly, Defendant United States' motion to dismiss, ECF No. 11, is **GRANTED.**  The Complaint is **DISMISSED** without prejudice.

**DONE AND ORDERED** this 18th day of July 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**